IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TERRY MATTHEW HELVEY,**

    Petitioner,

v.

**ACTING WARDEN OF FCI GREENVILLE,**

    Respondent.

Case No. 3:25-cv-00837-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Terry Matthew Helvey has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the denial of his request for mandatory parole. (Doc. 1). The petition remains under consideration. This order addresses several pending motions.

### BACKGROUND

In 1993, Petitioner, who was an active-duty member of the United States Navy, was convicted by a general court-martial under the Uniform Code Military Justice for the murder of U.S. Navy Sailor Allen Schindler Jr. (Doc. 20-2). He also was convicted of assaulting two other Navy personnel and making false statements under oath to investigators. (*Id.*). Petitioner was sentenced to life in prison and dishonorably discharged. In 1995, his sentence was affirmed by the U.S. Navy-Marine Corps Court of Criminal Appeals. (Docs. 20-2, 20-3). Petitioner initially served his sentence at the U.S. Disciplinary Barracks at Fort Leavenworth in Kansas. (Doc. 1 p. 15). In February

2003, he was transferred to the custody of the Federal Bureau of Prisons ("BOP") pursuant to an agreement between the BOP and the military. He has been housed at FCI Greenville in this district since September 2008. (Doc. 1 p. 16).

Petitioner filed the present petition under 28 U.S.C. § 2241 on May 1, 2025, alleging that he has been unlawfully denied mandatory parole under 18 U.S.C. § 4206(d). He also claims that Respondent has violated his due process rights by depriving him of parole, has violated his rights under the Equal Protection Clause by releasing similarly situated offenders, and has violated his right under the Eighth Amendment to be free from cruel and unusual punishment. The Court screened the petition and directed the Acting Warden to file a response. (Doc. 14). Respondent contends that § 4206(d) does not apply to Petitioner and even if it did, the Government adequately justified its denial of parole. (Doc. 20). Respondent adds that none of Petitioner's other claims have merit. Petitioner filed a reply brief on October 17, 2025. (Doc. 28).

## DISCUSSION

During the pendency of this matter, Petitioner filed several motions:

- Motion for Temporary Restraining Order (Doc. 2)
- Motion for Judicial Notice (Doc. 3)
- Motion for Discovery (Doc. 4)
- Motion to Clarify (Doc. 9)
- Motion to Expand the Record for 2241 Petition (Doc. 10)
- Motion for Judicial Notice of Motion to Expand Record for Exhibit Y (Doc. 11)

- Motion to Expand the Record (Doc. 13)

The Court addresses each of Petitioner's motions as follows.

*Motion for Temporary Restraining Order*

Concurrent with the filing of his petition, Petitioner moved for a temporary restraining order (TRO) seeking immediate release on parole so that he can reside at a house he owns with his wife.

A TRO may issue without notice to the opposing party: only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The standard for issuing a temporary restraining order is identical to that governing the issuance of a preliminary injunction. *See Mays v. Dart*, 453 F. Supp. 3d 1074, 1087 (N.D. Ill. 2020). A preliminary injunction is an extraordinary and drastic remedy requiring the movant to carry the burden of persuasion by a clear showing. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court finds that Petitioner is not entitled to a TRO. For one, his motion failed to explain why the Court should grant relief before Respondent could be heard in opposition, and he did not include the required certification under Rule 65(b)(1)(B). True,

Respondent has responded to the petition during the period the motion for a TRO remained pending before the Court, but this development does not alter the assessment. That is because Petitioner would not be entitled to the order of immediate release he seeks, even if he were to prevail on the merits of his claim. In cases where inmates challenge parole proceedings, courts have held that appropriate relief typically takes the form of a *conditional* release order permitting the appropriate parole authority to provide a new statement of reasons supporting its decision or offer the petitioner a new hearing. *See Furnari v. Warden, Allenwood Fed. Corr. Inst.*, 218 F.3d 250, 258 (3d Cir. 2000); *Simoy v. McKinney*, No. 22-02211, 2024 WL 3350557, at *6 (C.D. Cal. Feb. 20, 2024) (noting that a petitioner would only be entitled to a determination about whether he meets the conditions for release in § 4206(d)). Under those circumstances, the undersigned does not find that Petitioner is likely to suffer irreparable harm while the Court considers his claim, particularly where the Parole Commission—purportedly applying the mandatory parole provision that Petitioner seeks—found that he was not eligible on at least one occasion. (Doc. 1-3 pp. 26-27). Accordingly, Petitioner's motion for a temporary restraining order (Doc. 2) will be denied.

*Motions Regarding Additional Evidence*

Petitioner also has filed several motions asking the Court to consider various documents and materials beyond his initial filing.

First, he asks the Court to take judicial notice under Federal Rule of Evidence 201 of certain information regarding his § 2241 petition. (Doc. 3). Under Rule 201, the Court may do so if a fact is not subject to reasonable dispute in that it is either (1) generally

known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). As the Seventh Circuit has explained, judicial notice is an "adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). Examples of materials properly the subject of judicial notice include population data, geographic facts, weather records, and government records. *See* 21B Wright & Miller's Federal Practice & Procedure Evidence § 5106.3 (2d ed.).

On review, Petitioner essentially asks the Court to take notice of various facts derived from exhibits to the petition and certain legal conclusions that he believes those materials support. The Court declines that invitation. As a general matter, the materials he cites are not *generally known* nor are they the sort of facts *readily determinable* by resort to sources whose accuracy cannot reasonably be questioned. They are matters that may—or may not—be contested by the Government. The Court understands Petitioner's allegations and legal arguments and will determine whether further factual development is necessary in due course.

On May 21, 2025, Petitioner filed a motion to expand the record to include the Navy Council of Review Boards's denial of his parole appeal. (Doc. 10). The Acting Warden has not responded in opposition to that request. The Court will grant the motion and deem the materials properly filed. In a related motion, Petitioner asks the Court to take judicial notice of several factual and legal conclusions he derives from that

document. (Doc. 11). That request must be denied. As was the case above, Petitioner appears to misunderstand Federal Rule of Evidence 201. For instance, he says the Court should take judicial notice that "the Navy agrees that the Law dictates that the Petitioner should be paroled . . . ." (Doc. 11 p. 2). That may be his interpretation of the document, but it undoubtedly is not shared by Respondent. Almost by definition, interpretations of documents are not subject to judicial notice.

On July 14, 2025, Petitioner moved to expand the record to include certain additional documents regarding his most recent parole request. (Doc. 13). The Acting Warden has not responded in opposition. The Court will grant the motion and deem the materials properly filed.

*Motion for Discovery*

Petitioner also has filed a motion seeking discovery in support of his petition. He asks the Court to order Respondent to produce (1) a list of all military offenders in BOP custody that have been granted parole under § 4206 and (2) copies of emails and phone calls received by the relevant parole authorities regarding his case.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing Section 2254 Cases,[1] the Court may authorize petitioner to conduct discovery "for good cause." Good cause exists if a petitioner makes

---

[1] Petitioner invokes 28 U.S.C. § 2241, but the Rules govern petitions brought under that provision also. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

a "colorable claim showing that the underlying facts, if proven, constitute a constitutional violation." *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004).

The Court declines to order discovery at this time. Petitioner's first request appears to relate to his equal protection claim. He alleges that other military offenders have been granted parole under 18 U.S.C. § 4206, and he avers "firsthand" knowledge of their identities. (Doc. 1 p. 39). Yet Petitioner does not offer any additional information about these individuals. Absent further detail, the Court views the allegation as too speculative to warrant discovery. *See Famous v. Fuchs*, 38 F.4th 625, 632 n. 24 (7th Cir. 2022) (noting that factual allegations must not be "speculative or conclusory because discovery is not intended to be a fishing expedition."). Moreover, this theory appears to presuppose that § 4206 applies in this case, a question that will first require resolution by this Court.

Petitioner also seeks copies of emails and phone calls that the relevant parole authorities received regarding his case. He says that certain news reports suggest the existence of approximately 100 emails and phone calls to the Parole Commission regarding his case "from the LGBT Community," but records of these communications are not in his file. (Doc. 4 p. 3). Petitioner suggests these records could show the Parole Commission was improperly influenced by the LGBTQ community.

This request also will be denied at this time. The articles cited by Petitioner do not give any reason to believe that any individual or group exercised improper influence over members of the Parole Commission. Rather, they describe how relatives of the victim, Mr. Schindler, encouraged others to send email messages and letters to the Parole Commission regarding Petitioner's case. (Doc. 1-3 pp. 8, 21). Petitioner does not explain

how these letters amount to improper influence. After all, "[t]he [Parole] Commission encourages the submission of relevant information concerning an eligible prisoner by interested persons," 28 C.F.R. § 2.19(b)(1), and these individuals may meet with representatives of the Commission, *id.* § 2.22. There is no reason to think that the baseline procedures permitting broad input from interested parties were abused in this instance, and discovery based on mere speculation is not permitted. *See Famous*, 38 F.4th at 632 n. 24. Petitioner therefore has not established good cause for discovery, and his motion will be denied.

*Motion for Clarification*

Also pending before the Court is a motion filed by Petitioner seeking clarification on several matters. First, Petitioner asks about the status of the Court's ruling on his motion for a temporary restraining order. As discussed above, that motion is denied.

Petitioner also notes that he filed a motion seeking appointed counsel, but that motion does not appear on the docket. The Court likewise is unable to locate that filing. Nevertheless, the Court would deny such a motion at this time.

"[T]here is no constitutional right to counsel on collateral review, *i.e.*, on review of a petition for writ of habeas corpus under § 2241." *Andreozzi v. Warden, USP Marion*, No. 22-2466, 2023 WL 12053714, at *1 (S.D. Ill. Mar. 2, 2023) (citing *Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011)). When presented with a request to appoint counsel in a civil case, a court must make the following inquiries: "(1) has the indigent [petitioner] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [petitioner] appear competent to

litigate it himself?" *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires appointment of counsel where an evidentiary hearing is found to be warranted.

In his present motion, Petitioner notes that he has been receiving *pro bono* assistance from attorney Maurice B. Graham for many years.[2] He says that his family has attempted to locate counsel to assist him in litigating this matter, but all options were beyond his ability to afford. The Court is satisfied that Petitioner has made sufficient efforts to recruit counsel on his own but nevertheless sees no need to appoint counsel at this time. Petitioner's briefing is cogent and thorough. He has comprehensively set out the factual and legal issues that govern his claims. In the event a hearing proves necessary, the Court may revisit the issue of counsel at that time.

Finally, Petitioner also questions the status of Exhibit X to his petition, which he believes was not filed on the electronic docket. The Court observes that Exhibit X appears on the docket at Doc. 1-3 pp. 78-79.

*Other Matters*

After reviewing the parties' briefs, the Court finds that one matter requires further attention. Petitioner claims that he is entitled to release under 18 U.S.C. § 4206(d), which provides that a prisoner shall be released on parole "after serving thirty years of each consecutive term or terms of more than forty-five years including any life term" unless

---

[2] It appears that an attorney by that name recently passed away. *See In Memoriam*, https://www.grgpc.com/newsroom/news/in-memoriam (last visited Feb. 25, 2026).

the United States Parole Commission determines the prisoner "has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime." 18 U.S.C. § 4206(d). The Commission appears to have evaluated Petitioner's case under that standard on at least one occasion. (*See* Doc. 1-3 pp. 26-27, 52-53).

Respondent takes the view that a 2022 agreement between the BOP and Department of Defense re-vested authority for parole determinations in the relevant military bodies. (Doc. 20 p. 9). The Government adds that in making parole determinations, the Navy considers "the nature and circumstances of the prisoner's offenses; the prisoner's military and civilian history; the prisoner's confinement file and offense-related rehabilitation programs; the prisoner's personal characteristics, including age, education, marital and family status, and psychological profile; the impact of the prisoner's offense on the victim and the prisoner's efforts to make restitution to the victim; the protection and welfare of society; the need for good order and discipline in the Service; and other matters, as appropriate." (*Id.* at p. 9).

These factors seem to differ materially from the factors that would be considered by the Parole Commission under § 4206(d). One of Petitioner's primary claims is that the shift from one standard to the other raises due process concerns. The Court does not believe Respondent adequately addressed that issue. The undersigned therefore will direct Respondent to file a supplemental brief.

CONCLUSION

Petitioner has raised complex issues involving parole procedures for military prisoners who are serving their sentences in civilian custody. The Court is diligently reviewing his claims and will issue a decision in due course. With regard to the pending motions, the following is **ORDERED**:

- Petitioner's motion for a temporary restraining order (Doc. 2), motion for judicial notice dated May 1, 2025 (Doc. 3), motion for discovery (Doc. 4), and motion for judicial notice dated May 21, 2025 (Doc. 11) are **DENIED**.

- Petitioner's motions to expand the record (Docs. 10, 13) are **GRANTED.** The attached materials are deemed properly filed.

- Petitioner's motion for clarification (Doc. 9) is **DISMISSED as moot.**

It is further **ORDERED** that Respondent shall file a supplemental brief addressing the issue mentioned above **on or before March 13, 2026**. Petitioner may file a response **on or before March 27, 2026**.

IT IS SO ORDERED.

DATED:  February 27, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**